
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS ROMERO-ESCOBAR, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | Nos. 13-71801, 13-73289 <br> Agency No. A043-735-880 <br><br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted February 6, 2015**
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Raymond J. Dearie, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Juan Carlos Romero-Escobar ("Romero"), a native and citizen of El Salvador, petitions for review of two orders by the Board of Immigration Appeals ("BIA"). First, the BIA dismissed his appeal from an Immigration Judge's removal order for lack of jurisdiction, finding that Romero had waived his right to appeal and determining that Romero had not contested the validity of that waiver. Romero appeals in No. 13-71801. Second, the BIA denied Romero's motion to reopen and reconsider, finding that Romero's waiver of his right to appeal had been "considered and intelligent," and therefore declining to reach Romero's remaining contentions. Romero appeals in No. 13-73289.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law; we review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

First, this Court lacks jurisdiction over the petition for review of the BIA's dismissal of Romero's appeal. Romero's waiver of his right to appeal constitutes a failure to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Furthermore, Romero made no argument in his appeal that the waiver was not "considered and intelligent." *See Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014) ("[Petitioner] argues to us

2

that his waiver of appeal before the [immigration judge] was not knowing and intelligent. . . . On appeal to the BIA, however, [petitioner] did not claim that the waiver was not knowing and voluntary, and therefore we may not review this claim.").

Romero's argument that the BIA erroneously construed certain key regulations as jurisdictional is unavailing.

Second, the BIA acted within its discretion when it denied Romero's motion to reopen and reconsider. Romero failed to establish that his waiver of the right to appeal the Immigration Judge's decision was not "considered and intelligent." *See* 8 C.F.R. § 1003.2; *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005); *see also Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005) (waiver of right to appeal must be "considered and intelligent"). Also, the Board properly observed that Romero's motion relied on legal arguments that he could have raised in his direct appeal. *See* 8 C.F.R. § 1003.2(c)(1) (explaining that "[a] motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

Nor are we persuaded by Romero's argument that his appeal waiver is invalid because he was unaware of certain alternative avenues for relief. To the

3

contrary, the record shows that the Immigration Judge fully explained to Romero that he could apply for discretionary cancellation of removal under 8 U.S.C. § 1229b, making this case distinguishable from *United States v. Pallares–Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004) ("Because the [immigration judge] erred when she told Pallares that no relief was available, Pallares' failure to exhaust his administrative remedies cannot bar collateral review of his deportation proceeding."). The Immigration Judge ultimately acted within his discretion to deny Romero relief, 8 U.S.C. § 1229b, a decision this Court lacks jurisdiction to review, *see* 8 U.S.C. § 1252(a)(2)(B)(i).

In light of our disposition, we do not consider Romero-Escobar's remaining contentions.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.